UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LORI CHANDLER,

                                                            Plaintiff,      **COMPLAINT**

              -against-

MPB US, INC., TAMMY OLER,                  Jury Trial Demanded

                                     Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. Plaintiff, who was employed at MPB US, Inc. ("MPB") as a copywriter, under the supervision of Tammy Oler, the head of U.S. Marketing and Global Campaigns for MPB, brings this action against defendants, alleging disability discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"), the Rehabilitation Act of 1973; the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq*. ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq*. ("NYCHRL"). Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1343, as this action asserts violations of federal anti-discrimination laws, and therefore raises federal questions regarding the deprivation of plaintiff's rights.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide her New York State and New York City claims, which form part of the same case and controversy as plaintiff's federal claims under Article III of the United

States Constitution. In connection with plaintiff's City Human Rights Law claims, a copy of this complaint was provided to the New York City Commission on Human Rights and the Corporation Counsel of the City of New York, as required.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because defendants are located in this District and the incident in question occurred in this District.

**JURY TRIAL**

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

**ADMINISTRATIVE REQUIREMENTS**

6. Plaintiff timely filed an administrative charge of discrimination with the N.Y. State Division of Human Rights, which was dual filed with the Equal Employment Opportunity Commission ("EEOC").

7. The EEOC issued plaintiff a right to sue letter on September 26, 2022, allowing her to bring suit within 90 days of his receipt of the letter.

**PARTIES**

8. Plaintiff is a resident of the State of New York.

9. Defendant MPB is a recommerce platform/company in which customers buy, sell and trade used photo and video gear. MPB is a foreign business corporation, incorporated in Delaware, authorized to do business in New York. MPB may be the recipient of federal funds, which would subject the company to the Rehabilitation Act of 1973.

10. At all relevant times, Tammy Oler was the head of U.S. Marketing and Global Campaigns for MPB. Because Oler is a manager and supervisor, her discriminatory and other unlawful acts are imputed to MPB.

2

**STATEMENT OF FACTS**

11. Lori Chandler was employed at MPB beginning on October 25, 2021 and was terminated on January 24, 2022. Lori was a copywriter. Lori always performed her job in a satisfactory manner and was, and is, a qualified individual with a disability, who can perform the essential functions of the job with a reasonable accommodation. Lori has the documented disabilities of depression and high-level functioning autism, of which defendants were aware. Defendants also regarded Lori as disabled and Lori has a record of impairment.

12. During the first 3 months of her employment, Lori had monthly check-ins with her supervisors, including Tammy Oler, and was told she met all the "benchmarks" and was performing in a satisfactory manner.

13. In January 2022, after Lori was told again she had met all the benchmarks, Lori and her partner, Alex Cottle, informed defendants that Lori was going through a major depressive episode and that Lori needed a day off and to work from home for a period of time. This would not have caused defendants an undue hardship and other employees worked from home.

14. Lori's supervisor, Tammy Oler, engaged in harassment, causing Lori anxiety and exacerbating her condition, by contacting Lori constantly while she was working from home, by phone, text, email and Slack message, to make sure that Lori was working. Other employees working from home were not subjected to this. Lori told Oler that the constant surveillance was making her symptoms worse. These check-ins were not made out of concern for Lori's health. This constituted a hostile work environment under the NYCHRL.

15. Although Lori was told in January 2022 that she had met all the benchmarks, defendants terminated Lori on January 24, 2022, due to Lori's disabilities, what defendants

"regarded as" a disability, Lori's record of impairment, and in retaliation for Lori's request for a reasonable accommodation. Lori had worked uninterrupted from October 25 2021 until her termination, except for a few authorized sick days, including a sick day for the depression on January 12, 2022, for which Lori was never paid.

16. As a result of the defendants' actions, plaintiff suffered emotional distress, depression, anxiety, fear, embarrassment, humiliation, physical manifestations of emotional distress, damage to her personal and professional reputation, and financial loss, including lost income and benefits..

## FIRST CLAIM

### (Disability Discrimination under the ADA)

### (Against Defendant MPB)

17. Plaintiff repeats the foregoing allegations.

18. Defendant MPB discriminated against plaintiff with respect to the terms and conditions of her employment on the basis of her disability, record of impairment, and what defendant regarded as a disability, in violation of the ADA. Because the individuals who perpetrated the discrimination were managers and supervisors, their conduct is imputed to MPB.

19. Defendant's conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

20. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SECOND CLAIM

### (Retaliation for Requesting a Reasonable Accommodation under the ADA)

### (Against Defendant MPB)

21. Plaintiff repeats the foregoing allegations.

22. Defendant MPB retaliated against plaintiff with respect to the terms and conditions of her employment on the basis of her request for a reasonable accommodation in violation of the ADA. Because the individuals who perpetrated the discrimination were managers and supervisors, their conduct is imputed to MPB.

23. Defendant's conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

24. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

### THIRD CLAIM

**(Disability Discrimination under the Rehabilitation Act)**

**(Against Defendant MPB)**

25. Plaintiff repeats the foregoing allegations.

26. Defendant MPB discriminated against plaintiff with respect to the terms and conditions of her employment on the basis of her disability, record of impairment, and what defendant regarded as a disability, in violation of the Rehabilitation Act, if the defendant is the recipient of federal funds. Because the individuals who perpetrated the discrimination were managers and supervisors, their conduct is imputed to MPB.

27. Defendant's conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

28. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## FOURTH CLAIM

**(Retaliation for Requesting a Reasonable Accommodation under the Rehabilitation Act)**

**(Against Defendant MPB)**

29. Plaintiff repeats the foregoing allegations.

30. Defendant MPB retaliated against plaintiff with respect to the terms and conditions of her employment on the basis of her request for a reasonable accommodation, in violation of the Rehabilitation Act, if the defendant is the recipient of federal funds. Because the individuals who perpetrated the discrimination were managers and supervisors, their conduct is imputed to MPB.

31. Defendant's conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

32. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## FIFTH CLAIM

**(Disability Discrimination under the NYSHRL)**

**(Against all Defendants)**

33. Plaintiff repeats the foregoing allegations.

34. Defendants discriminated against plaintiff with respect to the terms and conditions of her employment on the basis of her disability, record of impairment, and what defendants regarded as a disability, in violation of the NYSHRL. Because the individuals who perpetrated the discrimination were managers and supervisors, their conduct is imputed to MPB.

35. The individual defendant, Tammy Oler, is individually liable for her own misconduct and/or for aiding and abetting discrimination.

36. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

37. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

### SIXTH CLAIM

**(Retaliation for Requesting a Reasonable Accommodation under the NYSHRL)**

**(Against all Defendants)**

38. Plaintiff repeats the foregoing allegations.

39. Defendants retaliated against plaintiff with respect to the terms and conditions of her employment on the basis of her request for a reasonable accommodation in violation of the NYSHRL.  Because the individuals who perpetrated the retaliation were managers and supervisors, their conduct is imputed to MPB

40. The individual defendant, Tammy Oler, is individually liable for her own misconduct and/or for aiding and abetting retaliation.

41. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

42. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

### SEVENTH CLAIM

**(Disability Discrimination under the NYCHRL)**

**(Against all Defendants)**

43. Plaintiff repeats the foregoing allegations.

44. Defendants discriminated against plaintiff with respect to the terms and conditions of her employment on the basis of her disability, record of impairment, and what defendants regarded as a disability, in violation of the NYCHRL.  Defendants also created a hostile work environment for plaintiff, as defined by the NYCHRL.  Because the individuals who perpetrated the discrimination were managers and supervisors, their conduct is imputed to MPB.

45. The individual defendant, Tammy Oler, is individually liable for her own misconduct and/or for aiding and abetting discrimination.

46. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

47. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

### EIGHTH CLAIM

**(Retaliation for Requesting a Reasonable Accommodation under the NYCHRL)**

**(Against all Defendants)**

48. Plaintiff repeats the foregoing allegations.

49. Defendants retaliated against plaintiff with respect to the terms and conditions of her employment, and created a hostile work environment for plaintiff, on the basis of her request for a reasonable accommodation in violation of the NYCHRL.  Because the individuals who perpetrated the retaliation were managers and supervisors, their conduct is imputed to MPB.

50. The individual defendant, Tammy Oler, is individually liable for her own misconduct and/or for aiding and abetting retaliation.

51. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

52. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

   a. Compensatory damages in an amount to be determined by a jury;

   b. Punitive damages in an amount to be determined by a jury;

   c. Back pay and front pay;

   d. Attorney's fees and costs;

   e. Prejudgment and other lawful interest;

   f. Such other and further relief as the Court may deem just and proper.

DATED: October 7, 2022

*/s/ Richard Cardinale*

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1507
Brooklyn, New York 11242
(718) 624-9391(w)
(917) 685-2853 (c)
richcardinale@gmail.com
website: richardcardinalelaw.com